**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Torres-Ramirez,<br><br>    Plaintiff,<br><br>v.<br><br>Jessicarae Lejk, et al.,<br><br>    Defendants. | No. CV-18-02051-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the parties' "Status Report and Stipulation Re: Scheduling Order" (Doc. 48). The parties informed the Court that "they are actively posturing this case for possible resolution via mediation in the immediate future" and stipulated that they would "refrain from the production of reports and securing of deposition testimony." (Doc. 48 at 1-2.) The parties further stipulated that "in the event that they are unable to settle this matter, they will submit a revised Scheduling Order to the Court . . . ." (*Id.* at 2.)

The parties are effectively asking for permission to ignore all of the current deadlines with the promise that, if the settlement falls through, they will ask (at some unspecified date in the future) for all of the expired deadlines to be retroactively extended. The Court interprets the stipulation as a veiled request for a stay.

A stay is "not a matter of right," but is rather "an exercise of judicial discretion," the propriety of which "is dependent upon the circumstances of the particular case." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-73 (1926). "The party requesting a

stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  In the case of a joint motion, the parties share that burden.  In determining whether to grant a motion to stay, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court "has an interest in managing judicial resources by preventing inactive cases from remaining indefinitely on its docket," *United States v. Grantham*, 2018 WL 3239938, *2 (S.D. Cal. 2018), and therefore the parties must demonstrate that other factors outweigh this interest to prevail in seeking a stay.  Settlement discussions will seldom suffice.  The Court follows a general rule of not extending deadlines to allow parties to pursue settlement efforts.  *See* http://www.azd.uscourts.gov/sites/default/files/judge-orders/DWL%20Case%20Management%20Order.pdf.  Likewise, in most cases, the Court does not consider pursuing settlement discussions to be an adequate justification for a stay.  Moreover, the operative scheduling order in this case specifies that "[t]he Court will strictly enforce the deadlines set forth in this Rule 16 Scheduling Order.  Furthermore, the Court will not grant extensions to the dispositive motion cutoff date due to . . . settlement negotiations."  (Doc. 28 at 1.)  The joint motion to stay will therefore be denied.

Accordingly,

**IT IS ORDERED** that the parties' "Status Report and Stipulation Re: Scheduling Order" (Doc. 48) is denied.

Dated this 21st day of May, 2019.

_____
Dominic W. Lanza
United States District Judge